UNITED TAILORS & CLEANERS CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11754.   Promulgated January 25, 1928.

*Leo B. Lowenthal, Esq.*, for the petitioner.
*Alva C. Baird, Esq.*, for the respondent.

**OPINION.**

MARQUETTE: The petitioner relies upon section 214(a)(1) and section 234(a)(1) of the Revenue Acts of 1918 and 1921, respectively. The wording of the two Acts is the same and provides:

That in computing the net income of a corporation * * * there shall be allowed as deductions:

(1) All the ordinary and necessary expenses paid or incured during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered * * *

The petitioner claims that the distribution of surplus for the taxable years was a payment of commissions for work sent to the petitioner by its stockholders, and that such payments are deductible from gross income.

We think the facts do not substantiate this contention. It appears that monthly, throughout each of the taxable years, each stockholder

was paid, or credited with, a commission of 20 per cent on the work he had turned in to petitioner during that particular month. Such commission had a definite relation to the services actually rendered by the stockholder. The more work a stockholder sent to the petitioner, the greater his amount of commissions. But when, at the end of the year, the balance of surplus was divided among all stockholders equally, regardless of the amount of business each had brought to the petitioner, there was no relation between such payments and "personal services actually rendered."

The distributions in question were made from surplus earnings—profits—of the petitioner. The stockholders held the same number of shares and they participated equally in these distributions of surplus. The corporation's books are not before us but there is testimony to the effect that the board of directors did not authorize any dividend payments. We think that is not controlling. All the stockholders agreed among themselves that the surplus should be equally divided and the manager drew checks for the amounts upon the corporation's bank account. The treasurer and the president signed the checks. It is evident that the officers and directors acquiesced in the plan of distribution, even though no formal action of approval may have been taken.

It is our opinion that the respondent rightly determined these distributions to be dividends to stockholders rather than payments for services rendered.

*Judgment will be entered on 15 days' notice, under Rule 50.*